1   BOWMAN AND BROOKE LLP
    Richard L. Stuhlbarg (SBN 180631)
2   richard.stuhlbarg@bowmanandbrooke.com
    Marion V. Mauch (SBN 253672)
3   marion.mauch@bowmanandbrooke.com
    Michael Chung (SBN 243204)
4   michael.chung@bowmanandbrooke.com
    970 West 190th Street, Suite 700
5   Torrance, CA  90502
    Tel:   310.768.3068
6   Fax:   310.719.1019

7   Attorneys for Defendants,
    FCA US LLC and SURF CITY AUTO GROUP, INC. d/b/a/ HUNTINGTON
8   BEACH CHRYSLER DODGE JEEP RAM

9                        **UNITED STATES DISTRICT COURT**

10                       **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13   CONNIE YVONNE UPHAM, and          **Case No.:  2:19-cv-08574**
     TORY HALSTON UPHAM,               (Removed from Orange County Superior
14                                     Court - Case No. 30-2019-01075429-CU-
                                       BC-CJC)
15                  Plaintiffs,
                                       **NOTICE OF REMOVAL TO THE
16          vs.                        UNITED STATES DISTRICT COURT
                                       FOR THE CENTRAL DISTRICT OF
17                                     CALIFORNIA UNDER 28 U.S.C. § 1331
     FCA US LLC; HUNTINGTON            (FEDERAL QUESTION
18   BEACH CHRYSLER DODGE JEEP         JURISDICTION); DECLARATION OF
                                       MICHAEL CHUNG; EXHIBITS "A"-
19   RAM; and DOES 1 through 10,       "F"**
     inclusive,
20
                    Defendants.        Action Filed:    June 7, 2019
21                                     Trial Date:      None

22

23        TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR

24   THE CENTRAL DISTRICT OF CALIFORNIA:

25        Defendants  FCA  US  LLC  ("FCA  US")  and  Surf  City  Auto  Group,  Inc.

26   d/b/a/ Huntington Beach Chrysler Dodge Jeep Ram ("Huntington Beach Chrysler")

27   (collectively "Defendants") hereby remove this case to the United States District

28   Court for the Central District of California pursuant to 28 U.S.C. Section 1441,

1   based upon federal question jurisdiction as defined by 28 U.S.C. Section 1331.

2   **I.     TIMELINESS OF REMOVAL**

3         1.     This removal notice is timely filed as it is filed less than 30 days after
4   Defendants receipt of an "amended pleading, motion, order or other paper from
5   which it may first be ascertained that the case is…removable."  28 U.S.C. Section
6   1446(b)(3).  Defendants first received a copy of the sales contract for the 2015 Jeep
7   Grand Cherokee, VIN 1C4RJFCG8FC124038 ("Subject Vehicle") from Plaintiffs'
8   Counsel on September 12, 2019.  (Declaration of Michael Chung ("Chung Decl.")
9   ¶ 6; Exs. E-F.)  It was on that date that Defendants first learned of the purchase
10  price because the Subject Vehicle was purchased in Jacksonville, Florida, and
11  neither Defendant had access to the sales contract for the Subject Vehicle prior to
12  receiving it from Plaintiff's Counsel, that the amount in controversy was met for
13  federal question removal under the Magnuson-Moss warranty act (see discussion
14  below), and therefore, that this case was removable to federal court.   (*Id.*)
15  Consequently, removal of this case is timely and proper.

16  **II.    BASIS FOR REMOVAL**

17        2.     On June 7, 2019, Plaintiffs Connie Yvonne Upham and Tory Halston
18  Upham ("Plaintiffs"), commenced this action in the Orange County Superior Court
19  entitled as follows: *Connie Yvonne Upham and Tory Halston Upham v. FCA US,*
20  *LLC et al.*; Case No. 30-2019-01075429-CU-BC-CJC, alleging eight causes of
21  action for: 1) violation of California Civil Code Section 1793.2(d) against FCA US
22  only; 2) violation of California Civil Code Section 1793.2(b) against FCA US
23  only; 3) violation of California Civil Code Section 1793.2(a)(3) against FCA US
24  only; 4) violation of California Civil Code Sections 1791.2(a) and 1794 against
25  FCA US only; 5) Breach of the Implied Warranty of Merchantability against both
26  FCA US  and  Huntington  Beach  Chrysler;  6)  Fraudulent  Inducement—
27  Concealment against FCA US only; 7) Negligent Repair against Huntington Beach
28  Chrysler only; and 8) Violation of the Magnuson-Moss Warranty Act against FCA

1  US only, relating to Plaintiffs' purchase of a 2015 Jeep Grand Cherokee, VIN

2  1C4RJFCG8FC124038 ("Subject Vehicle").

3       3.     FCA was served with a copy of Plaintiffs' Summons and Complaint,

4  and other relevant documents, on June 11, 2019, through its designated agent for

5  service of process, CT Corporation System.  (Declaration of Michael Chung

6  ("Chung Decl."), ¶ 2; Ex. "A.")  The initial Complaint did not allege what the

7  purchase price of the Subject Vehicle was.  (*Id*.)

8       4.     On August 22, 2019, Plaintiffs filed a First Amended Complaint

9  ("FAC") after being informed by Defendants' Counsel that because the Subject

10 Vehicle was purchased in Jacksonville, Florida, the Song-Beverly Act claims all

11 fail as a matter of law.  (Chung Decl. ¶ 4; Ex. "C.")  The FAC dismissed all of the

12 Song-Beverly Act claims.  (*Id*.)  The FAC only contained three causes of action

13 for: 1) Violation of the Magnuson-Moss Warranty Act against FCA US only; 2)

14 Fraudulent Inducement—Concealment against both Defendants FCA US and

15 Huntington Beach Chrysler; and 3) Negligent Repair against Huntington Beach

16 Chrysler only.  (*Id*.)  The FAC did not allege what the purchase price of the

17 Subject Vehicle was.  (*Id*.)

18      5.     Although Defendant FCA US previously filed an answer to the initial

19 Complaint (Chung Decl. ¶¶ 3-4; Ex. B), the parties agreed that the FAC would be

20 the operative complaint and on September 30, 2019, the Parties filed a Stipulation

21 in Orange County Superior Court deeming the FAC the operative Complaint.

22 (Chung Decl., Ex. D.)  Defendants will shortly file their answers to the FAC.

23      6.     Consequently, this is a civil action over which this Court has original

24 jurisdiction under 28 U.S.C. Section 1331, and it is one which may be removed to

25 this Court by Defendants pursuant to 28 U.S.C. Section 1441(a) because Plaintiffs'

26 first cause of action arises under the Federal Magnuson-Moss Warranty Act, 15

27 U.S.C. Section 2301 *et seq*., and satisfies the amount in controversy under that

28 statute.

7.     The Superior Court of the State of California for the County of Orange is located in the Central District of California, Southern Division. Therefore, venue is proper pursuant to 28 U.S.C. Section 84 because this is the "district and division within which such action is pending . . . ."  (See 28 U.S.C. §1446(a).)

8.     No previous application has been made for the relief requested herein.

9.     Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Orange.

**III.   THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

**A.     This Action Arises Under a Federal Statute**

10.     This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 because the First Cause of Action of Plaintiffs' FAC, which is the operative complaint, arises under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*., and because Plaintiffs' claims for damages satisfies the necessary amount in controversy under that statute (see below).

11.     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1983).

12.     This Court has original jurisdiction over the First Cause of Action of Plaintiffs' FAC it arises under a federal statute, *i.e.*, 15 U.S.C. § 2301 *et seq*., otherwise known as the Magnuson-Moss Warranty Act.

/ / /

**B.**    **The Amount in Controversy Requirement of the Magnuson-Moss Warranty Act Is Met**

13.    The Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C. § 2310(d)(1)(B). Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit . . . ." 15 U.S.C. §2310(d)(3)(B).

14.    The amount in controversy is satisfied. The amount exceeds $50,000.00, exclusive of interest and costs, for the following reasons:

    a.   This action arises out of Plaintiffs' purchase of a 2015 Jeep Grand Cherokee VIN: 1C4RJFCG8FC124038, which they purchased on November 25, 2015. (Chung Decl., Ex. C, ¶ 12.)

    b.   The total purchase price of the Subject Vehicle was $44,400. (Chung Decl., ¶ 6; Ex. E.)

    c.   Plaintiffs allege they are entitled to "restitution" in their Prayer for Relief. (Ex. C, FAC, Prayer.)

    d.   Plaintiffs' also seek a civil penalty of two times Plaintiffs' actual damages. (Ex. C, FAC, Prayer.) The potential minimum civil penalty sought is therefore $88,800.00 (2 times the purchase price of the Subject Vehicle).

    e.   Plaintiffs also seek attorneys' fees and costs and prejudgment interest. (Ex. C, FAC, Prayer.)

15.    At a minimum, Plaintiffs are seeking in excess of $133,200.00 (the contract price of the 2015 Jeep Grand Cherokee and the potential civil penalty of

1    two times Plaintiffs' actual damages) in potential monetary damages.  This does
2    not include other potential compensatory damages, prejudgment interest, or
3    attorneys' fees Plaintiffs seek in their Prayer for Relief.  "[W]hen a defendant seeks
4    federal-court adjudication, the defendant's amount-in-controversy allegation should
5    be accepted when not contested by the plaintiff or questioned by the court." *Dart*
6    *Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014).  The
7    amount in controversy is an estimate of the amount in dispute, rather than an
8    assessment of the defendant's potential liability.  *Lewis v. Verizon*
9    *Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Once the party seeking
10   federal jurisdiction provides plausible explanation for how the amount in
11   controversy is met, the matter should remain in federal court unless plaintiff cannot
12   possibly recover that amount.  *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir.
13   2008).

14          16.    While Defendants do not agree that Song-Beverly Act damages are
15   available in a Magnuson-Moss Warranty Act case, for purposes of removal to
16   federal court, the amount that could plausibly recovered as alleged in the plaintiff's
17   complaint is taken as the amount in controversy.  *Dart Cherokee Basin Operating*
18   *Co., LLC v. Owens*, 135 S.Ct. 547 (2014).  (See also *Luckett v. Delta Airlines, Inc.*,
19   171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be
20   established by showing that such damages are "facially apparent" from the
21   plaintiff's complaint, or by setting forth facts in the notice of removal that support a
22   finding of the requisite amount).)  Here, Plaintiffs' FAC alleges that they are
23   entitled to restitution and a civil penalty of two times actual damages under Civil
24   Code Section 1794(c) or (e).  As stated above, Plaintiffs' FAC therefore seeks
25   damages of at least $133,200.00.  Accordingly, the amount in controversy
26   requirement under the Magnuson-Moss Warranty Act, has been met.

27          17.    Because Plaintiffs' FAC seeks in excess of $50,000.00 in monetary
28   damages, not including other compensatory damages or attorneys' fees, the amount

1    in controversy for a removal based on federal question jurisdiction is satisfied.

2    **IV.   THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER**
3    **PLAINTIFFS' STATE LAW CLAIMS**

4         18.    "[I]n any civil action of which the district courts have original
5    jurisdiction, the district courts shall have supplemental jurisdiction over all other
6    claims that are so related to claims in the action within such original jurisdiction
7    that they form part of the same case or controversy under Article III of the United
8    States Constitution." 28 U.S.C. §1367(a). The Supreme Court has noted that the
9    supplemental jurisdiction statute "applies with equal force to cases removed to
10   federal court as to cases initially filed there; a removed case is necessarily one 'of
11   which the district courts . . . have original jurisdiction'…." *City of Chicago v.*
12   *International College of Surgeons*, 522 U.S. 156, 165 (1997). Although one of
13   several claims does not "arise under" federal law, removal is still appropriate if that
14   claim is transactionally related (*i.e.,* "supplemental") to at least one substantial
15   federal claim. *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395,
16   1399 (6th Cir. 1995). A single case exists in the constitutional sense wherever the
17   state and federal claims arise from a "common nucleus of operative facts" such that
18   a plaintiff "would ordinarily be expected to try them all in a single judicial
19   proceeding." *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725.

20        19.    Here, all of Plaintiffs' causes of action arise out of the same nucleus
21   of operative facts, *i.e.*, the purchase of the Subject Vehicle and its alleged
22   warranties.  Accordingly, to the extent there are other causes of action that arise
23   based on the same operative facts, this Court has supplemental jurisdiction under
24   28 U.S.C. § 1367.  *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584 (7th Cir. 2001)
25   (where federal jurisdiction existed under Magnuson-Moss, district court properly
26   exercised supplemental jurisdiction over plaintiffs' remaining causes of action
27   including a state fraudulent business practices claim and a common law fraud
28   claim).

1     20.     Based upon the foregoing, all requirements for federal question removal have been met. Defendants therefore request that this action now pending against it in the Superior Court of California, County of Orange, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

     21.     Defendant will promptly notify Plaintiffs and the Superior Court of California, County of Orange, of this removal as required by 28 U.S.C. § 1446(d).

Dated:  October 4, 2019           BOWMAN AND BROOKE LLP

By     */s/Michael Chung*
          Richard L. Stuhlbarg
          Marion V. Mauch
          Michael Chung
          Attorneys for Defendants
          FCA LLC and SURF CITY AUTO GROUP, INC. d/b/a/ HUNTINGTON BEACH CHRYSLER DODGE JEEP RAM

## DECLARATION OF MICHAEL CHUNG

I, Michael Chung, declare as follows:

1.  I am an attorney admitted to practice before all courts of the State of California and the Central District Court.  I am an attorney at Bowman and Brooke LLP, attorneys of record for Defendants FCA US LLC ("FCA US") and Surf City Auto Group, Inc. d/b/a/ Huntington Beach Chrysler Dodge Jeep Ram ("Huntington Beach Chrysler") (collectively "Defendants").  This declaration is offered in support of FCA US's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. Section 1441.  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the Court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.  A true and correct copy of Plaintiffs' Summons, initial Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum and other papers, served on FCA US on June 11, 2019, is attached hereto as Exhibit A.

3.  On August 21, 2019 FCA US answered Plaintiffs' initial Complaint. Attached hereto as Exhibit B is a true and correct copy of FCA US's Answer to Plaintiffs' Complaint.

4.  On August 22, 2019, Plaintiffs filed a First Amended Complaint ("FAC") after being informed by Defendants' Counsel that because the Subject Vehicle was purchased in Jacksonville, Florida, the Song-Berly Act claims all fail as a matter of law.  The FAC dismissed all of the Song-Beverly Act claims. The FAC only contained three causes of action for: 1) Violation of the Magnuson-Moss Warranty Act against FCA US only; 2) Fraudulent Inducement—Concealment against both Defendants FCA US and Huntington Beach Chrysler; and 3) Negligent Repair against Huntington Beach Chrysler only.  Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' FAC.

/ / /

5.     On September 25, 2019, the Parties met and conferred and agreed that the FAC would be the operative complaint.  On September 30, 2019, the Parties filed a Stipulation in Orange County Superior Court deeming the FAC the operative Complaint.  Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Parties' Stipulation filed on September 30, 2019.

6.     On September 12, 2019, Defendants received a copy of the sales contract of the Subject Vehicle from Plaintiffs' Counsel and learned of the purchase price and that this case was removable to federal court.  Because Plaintiffs purchased the Subject Vehicle from a dealer in Jacksonville, Florida, Defendants did not have the sales contract in their possession prior to receiving it from Plaintiffs' Counsel.  Attached hereto as <u>Exhibit E</u> is a true and correct copy of the sales contract for the Subject Vehicle.  Attached hereto as <u>Exhibit F</u> is a true and correct copy of the email from Karen Wallace of Strategic Legal Practices, Plaintiffs' Counsel in this matter, forwarding the sales contract for the Subject Vehicle.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of October 2019 at Torrance, California.


 */s/Michael Chung*
Michael Chung, Declarant

1
2

**PROOF OF SERVICE**
F.R.C.P Rule 5(b)(2)

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4
5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

6
7
8

On October 4 2019 I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION JURISDICTION); DECLARATION OF MICHAEL CHUNG; EXHIBITS "A"- "F"** on all interested parties in this action by enclosing a true copy in an envelope addressed as follows:

9

SEE ATTACHED SERVICE LIST

10

11
12
13
14

☒     **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

15
16
17
18

☐     **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)):**  I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

19

Executed on October 4, 2019, at Torrance, California.

20
21

☒     (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

22
23

Carsi Beechler

24
25
26
27
28

## SERVICE/MAILING LIST

**Connie Yvonne Upham and Tory Halston Upham v. FCA US LLC, et al.**
Orange County Superior Court Case No: 30-2019-01075429-CU-BC-CJC

Tionna Dolin, Esq.                              **ATTORNEYS FOR PLAINTIFFS**
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430               Tel:      310/ 929-4900
Los Angeles, CA  90067                          Fax:      310/ 943-3838
                                                Email:    tdolin@slpattorney.com